Copy
188675

FILED

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

2012 JUL 16 PH 1:48

AT NASHVILLE

RICHARD R. ROOKER, CLERK

_____ D.C.

SHANNON RUSSELBURG,

    Plaintiff,

v.

GREEN HILLS CHIROPRACTIC
CLINIC, LLC,

    Defendant.

Docket No.: 12C2792

JURY DEMAND (12)

## COMPLAINT

Comes now the Plaintiff, by and through counsel, and would respectfully submit to the Court the following Complaint:

1.     The Plaintiff Shannon Russelburg is a resident of the State of Tennessee, residing in Davidson County, Tennessee.

2.     The Defendant Green Hills Chiropractic Clinic, LLC is a domestic limited liability company who is authorized to be and doing business in the State of Tennessee. The Defendant's principal place of business is at 2303 Crestmoor Road, Nashville, Tennessee 37215-2003. They can be served through their registered agent for service of process, James H. Porter, suite 2500, 511 Union Street, Nashville, TN 37219-1733

3.     Jurisdiction in this matter is proper because the events giving rise to this matter took place in Davidson County, Tennessee.

### FACTUAL BACKGROUND

4.     The Plaintiff was hired by the Defendant on or about October 19, 2009 as a front office employee.

5.     The Plaintiff suffers from Crohn's disease and notified the Defendant of



EXHIBIT
1

Copy

this condition at the time of her hire.

6. In July 2011, the Plaintiff suffered from an increase in symptoms of her condition, which resulted in her need for surgical intervention.

7. In July 2011, the Defendant requested that the Plaintiff attend a conference which required her to travel out of town. Due to her increased symptoms and the medication that she was taking to control the condition, her physician restricted her from travel.

8. The Plaintiff requested the reasonable accommodation of no traveling per her physician's recommendation. Although the accommodation was granted, the Plaintiff was subsequently subjected to discrimination and disparaging treatment by the Defendant.

9. In August of 2011, the Plaintiff underwent surgery for her Crohn's disease in an attempt to control her symptoms. She requested the reasonable accommodation of unpaid time off work to recover from this surgery.

10. The Plaintiff's physician recommended that she be off work to recover until October 10, 2011.

11. Plaintiff's request was granted.

12. On or about October 5, 2011, the Plaintiff contacted the Defendant and advised she was released to return to work, without any limitations. She was advised to report to work on October 10, 2011.

13. On or about October 10, 2011, the Plaintiff reported to work and was ready, willing and able to work and to perform her job duties without limitations.

Copy

14.     On or about October 10, 2011, the Defendant terminated the Plaintiff's employment due to her disability. The Plaintiff's separation notice specifically states "the job is too stressful. It affects her health and ability to do job tasks."

## DISABILITY DISCRIMINATION

15.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 14 above.

16.     At all times pertinent to this action, the Plaintiff was an employee of the Defendant with a "disability" within the meaning of the Tennessee Disability Act, Tennessee Code Annotated § 8-50-103.

17.     At all times pertinent to this action, the Defendant was an "employer" within the meaning of the Tennessee Disability Act, Tennessee Code Annotated § 8-50-103.

18.     The Plaintiff asserts from July 2011 through October 5, 2011, the Plaintiff was operating under a physical impairment that substantially limited one or more major life activities, which was apparent to and perceived by the Defendants.

19.     Additionally, the Plaintiff informed the Defendant of her limitations and disabilities.

20.     At the time of her termination, the Plaintiff suffered from Crohn's disease.

21.     At the time of her termination, Plaintiff qualified as an individual with a disability consistent with the Tennessee Disability Act.

22.     Plaintiff also contends that during her employment and until her termination, she suffered from substantial limitations of several major bodily functions including but not limited to functions of the autoimmune system and digestive system.

Copy

23.     At the time of her termination, Plaintiff was not under any restrictions by her physician for her condition.

24.     During her employment, management made negative comments about Plaintiff's health problems and her limitations.

25.     At the time of her termination Plaintiff was able to perform all essential functions of her job.

26.     The Defendant perceived or regarded the Plaintiff's medical condition as a handicap, consistent with the Tennessee Disability Act, Tennessee Code Annotated § 8-50-103.

27.     During this applicable time period, the Plaintiff 1) suffered from one or more physical impairment that substantially limited one or more of the Plaintiff's major life activities; 2) the Plaintiff was qualified and able to perform the required job despite the handicap or disability; and 3) the Defendant knowingly discriminated against the Plaintiff because of her disability.

28.     The Defendant's termination of the Plaintiff constituted an adverse employment action.

29.     The Plaintiff avers the Defendant's reason for termination was illegal.

30.     The Defendant's termination of the Plaintiff constituted a violation of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 in conjunction with the Tennessee Human Rights Act.

Copy

31.   The Defendant discriminated against the Plaintiff and treated her poorly from the time the Defendants knew of her disabling injuries until the date of her discharge.

32.   At all relevant dates and times as forth herein, the Defendant is vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees with injuries or disabilities; (c) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendants' policies towards a workplace free of handicap and disability discrimination; (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report handicap and disability discrimination occurring within the Defendant's workplace; and (e) the Defendant did not have a viable and reasonable procedure and policy in effect to provide reasonable accommodation to its employees with disabilities.

33.   The Plaintiff's managers and supervisors discriminated against Plaintiff as a result of her physical disability and/or their perception of her physical disability by terminating the Plaintiff, even though she was able to perform all her job duties.  The management teams' actions show that the Defendant had not properly trained the managers and supervisors or provided proper instruction regarding the handling and processing of employees with disabilities, to prevent discrimination against the Plaintiff for her disability.

Copy

34. At said relevant dates and times as set forth herein:

    a)    the Plaintiff was a qualified individual with a disability that substantially limited a major life activity and/or the employer treated and perceived the Plaintiff as if the Plaintiff's impairment substantially limited a major life activity;

    b)    the Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation; and

    c)    the Plaintiff suffered a tangible employment action in being discharged or terminated by the employer as a result of her disability.

### APPLICABLE TO ALL COUNTS

35. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary losses.

36. Plaintiff further submits that the Defendant has acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to an award of punitive damages.

37. Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Human Rights Act and common law.

38. Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendant's culpable acts or omissions as set forth herein, the Defendant's violation of the Tennessee Human Rights Act and common law.

39. Plaintiff is entitled to compensation for incidental damages, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment,

Copy

pain and suffering and other nonpecuniary loses.

WHEREFORE PLAINTIFF PRAYS:

a)  that service of process issue to Defendant as set forth in;

b)  the Plaintiff be awarded compensatory damages of $150,000 or as amount to be determined by the jury;

c)  the Plaintiff be awarded punitive damages of $150,000 or an amount to be determined by the jury;

d)  that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

e)  that the Court award the Plaintiff such other, further, general and different relief to which she may be entitled; and

f)  that a jury of twelve (12) be empanelled to try this action.

Respectfully submitted,

Nina Parsley [BPR No. 23818]
Michael Ponce & Associates, PLLC
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
(615) 851-1776
nina@poncelaw.com
*Attorney for the Plaintiff*

Copy

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

STATE OF TENNESSEE                    ☒ First
DAVIDSON COUNTY                       ☐ Alias
20TH JUDICIAL DISTRICT                ☐ Pluries
2012 JUL 16 PH 1:50

SHANNON RUSSELBURG        RICHARD R. ROOKER, CLERK      CIVIL ACTION
                                                        DOCKET NO. 12C2792
                                              D.C.

_____
Plaintiff                                               Method of Service:
                                                        ☒ Davidson County Sheriff    $9.00
Vs.                                                     ☐ Out of County Sheriff

GREEN HILLS CHIROPRACTIC CLINIC, LLC                    ☐ Secretary of State

Through Registered Agent: James H.Porter               ☐ Certified Mail

    Suite 2500, 511 Union Street                        ☐ Personal Service

    Nashville, TN 37219-1733                            ☐ Commissioner of Insurance
Defendant
                                                        DI, w/C, Tint & Rg

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O.
Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is
served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's
attorney at the address listed below.
In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief
demanded in the complaint.

ISSUED: _____7/16/12_____                           RICHARD R. ROOKER
                                                        Circuit Court Clerk
                                                        Davidson County, Tennessee

                                                        By: _____
                                                              Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Michael Ponce and Associates |
| or | 1000 Jackson Road, Ste. 225 |
| PLAINTIFF'S ADDRESS | Address |
| | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

        Please execute this summons and make your return hereon as provided by law.

                                                        RICHARD R. ROOKER
                                                        Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

                                                        _____
                                                              SHERIFF
        ♿  If you have a disability and require assistance, please contact
            862-5204.

Copy

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that on the _____ day of _____ JUL 2 5 2012 _____, 20_____, I:

[ ] served this summons and complaint/petition on _____

_____ in the following manner:

[X] failed to serve this summons within 90 days after its issuance because *Osmos N. Butre*
*c/o for Green Nurse Chiropractic Center is not to be found in*
*my County. No longer employed at listed address*

Deputy Shawn Dromgoole, SR.
Sheriff/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket

_____ to the defendant, _____. On the _____ day of

_____ 20_____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

**NOTICE**

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

Copy

CIRCUIT COURT SUMMONS        NASHVILLE, TENNESSEE

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

FILED
2012 JUL 16 PM 1: 50
RICHARD R. ROOKER, CLERK

_____ D.C.

☒ First
☐ Alias
☐ Pluries

SHANNON RUSSELBURG

CIVIL ACTION
DOCKET NO. 12C2792

Plaintiff

Method of Service:

☒ Davidson County Sheriff $9.00
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

Vs.

GREEN HILLS CHIROPRACTIC CLINIC, LLC

Through Registered Agent: James H. Porter

Suite 2500, 511 Union Street

Nashville, TN 37219-1733

Defendant

DI, w/C, Tint & Reg

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.
In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____7/16/12_____

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Michael Ponce and Associates |
| --- | --- |
| | 1000 Jackson Road, Ste. 225 |
| | Address Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this ___17___ day of ___July___, 20_12_

_____ SHERIFF

If you have a disability and require assistance, please contact 862-5204.

Copy

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

                    STATE OF TENNESSEE              ☐ First
                     DAVIDSON COUNTY               ☒ Alias
                    20TH JUDICIAL DISTRICT          ☐ Pluries

                                                    CIVIL ACTION
                                                    DOCKET NO. ~~12C792~~
SHANNON RUSSELBURG                                  12C2792

Plaintiff
                                                    Method of Service:

Vs.                                                 ☒ Davidson County Sheriff    $9

GREEN HILLS CHIROPRACTIC CLINIC, LLC                ☐ Out of County Sheriff

Serve: Dr. Beth Barnett, Managing Partner          ☐ Secretary of State

     2303 Crestmoor Road                            ☐ Certified Mail

     Nashville, TN 37215                            ☐ Personal Service
Defendant
                                                    ☐ Commissioner of Insurance

                                                         D1
                                                         w/c , INT
To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O.
Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is
served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's
attorney at the address listed below.
In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief
demanded in the complaint.

ISSUED: 9/6/2012                                    RICHARD R. ROOKER
                                                    Circuit Court Clerk
                                                    Davidson County, Tennessee

                                                    By: A. M̄eehim
                                                                        Deputy Clerk

ATTORNEY FOR PLAINTIFF        Michael Ponce and Associates
or
                              1000 Jackson Road, Ste. 225
PLAINTIFF'S ADDRESS           Address
                              Goodlettsville, TN 37072 (615) 851-1776

TO THE SHERIFF:

     Please execute this summons and make your return hereon as provided by law.

                                                    RICHARD R. ROOKER
                                                    Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

                                                    _____
                                                          SHERIFF

          ♿   If you have a disability and require assistance, please contact
               862-5204.

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _9-18-12_____, 20____, I:

[ ✓ J S ] served this summons and complaint/petition on _SERVED GREEN Hill_

_CHIROPRACTIC CLINIC, LLC_ _____ in the following manner:

_Copy with Carol_

[ ] failed to serve this summons within 90 days after its issuance because _____

J R Davis DS
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket _____ to the defendant, _____. On the _____ day of _____ 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20____.

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

*Copy* 9/12

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

☐ First
☒ Alias
☐ Pluries

*FILED 2012 SEP -6 AM 11:10 RICHARD R. ROOKER CLERK D.C.*

CIVIL ACTION
DOCKET NO. ~~12C072~~ 12C2774

SHANNON RUSSELBURG

Plaintiff

Vs.

GREEN HILLS CHIROPRACTIC CLINIC, LLC

Serve: Dr. Beth Barnett, Managing Partner

2303 Crestmoor Road

Nashville, TN 37215

Defendant

Method of Service:

☒ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

.01
w/c , INT

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.
In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/6/2012

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _A. M. Neelum_
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Michael Ponce and Associates |
|---|---|
| | 1000 Jackson Road, Ste. 225 |
| | Address |
| | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this __8__ day of __Sept__, 20 __12__

_____ SHERIFF

♿ If you have a disability and require assistance, please contact 862-5204.

Copy

**RETURN ON PERSONAL SERVICE OF SUMMONS**

I hereby certify and return that on the _____ day of _____9-18-12_____, 20____, I:

[ ☑ S ] served this summons and complaint/petition on _____SERVED GREEN Hills_____

_CHIROPRACTIC CLINIC, LLC_____ in the following manner:

_____ Copy with Cerol

[ ] failed to serve this summons within 90 days after its issuance because _____

_____ **J R Davis DS** _____

Sheriff/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket _____ to the defendant, _____. On the _____ day of _____ 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _____ DAY OF _____, 20_____.

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

**NOTICE**

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

Copy ⁹/₁₂

FILED 2012 SEP -6 AM 11:10 RICHARD R. ROOKER, CLERK D.C.

CIRCUIT COURT SUMMONS  NASHVILLE, TENNESSEE

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20ᵀᴴ JUDICIAL DISTRICT**

☐ First
☒ Alias
☐ Pluries

CIVIL ACTION
DOCKET NO. ~~12C772~~ 12C2771

SHANNON RUSSELBURG

Plaintiff

Method of Service:

Vs.

☒ Davidson County Sheriff
☐ Out of County Sheriff
GREEN HILLS CHIROPRACTIC CLINIC, LLC
☐ Secretary of State
Serve: Dr. Beth Barnett, Managing Partner
☐ Certified Mail
2303 Crestmoor Road
☐ Personal Service
Nashville, TN 37215
☐ Commissioner of Insurance
Defendant

.01
w/c , INT

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.
In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/6/2012

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _A. M^c_____

Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Michael Ponce and Associates |
| or | 1000 Jackson Road, Ste. 225 |
| | Address |
| PLAINTIFF'S ADDRESS | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

  Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this ___8___ day of ___Sept___, 20 ___13___

SHERIFF

 If you have a disability and require assistance, please contact 862-5204.

Copy



**IN THE SIXTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE**

FILED
2012 DEC 17 AM 9: 27
RICHARD R. ROOKER, CLERK
C. Snugg
————————D.C.

IN RE:                                    )
                                          )
                                          )
CASE MANAGEMENT                           )
& STATUS DOCKET CALL                      )
FOR CERTAIN CASES                         )

### ORDER

      Pursuant to Local Rule 27.06(e), the following civil cases are set for a conference at the times noted below. Should you have a scheduling conflict, please contact the Special Master's office to reschedule as soon as possible but no later than two (2) business days before the conference. Contact information is located at the bottom of the last page of this order. All attorneys of record shall attend. Failure to participate **in person** may subject you to sanctions under T.R.C.P.§16.06. Attorneys from counties non-contiguous with Davidson County may participate by telephone so long as arrangements are made prior to the day of the conference. Do not submit a scheduling order in lieu of appearance. DO NOT CALL CHAMBERS FOR INFORMATION REGARDING THIS CONFERENCE.

      Plaintiff's counsel is responsible for notifying the Special Master's office if the case is compromised and settled prior to the conference or if the defendant is not served with the summons. If the defendant has obtained counsel that not listed on the certificate of service, the plaintiff's counsel shall give notice of the scheduled conference.

### FIFTH CIRCUIT COURT
### CASE MANAGEMENT & STATUS DOCKET CALL
**The conferences will be held in Suite 501, Historic Metropolitan Courthouse**
**1 Public Square, on February 12, 2013**

| | | |
|---|---|---|
| 09:30 a.m. | Dianne Austin v Dredge and Marine | 12C-2620 |
| 09:45 a.m. | Deborah Whitlock v Jeri Gibson | 12C-2639 |
| 10:00 a.m. | Angela Williams v Ashley Collins | 12C-2646 |
| 10:15 a.m. | Insulation Solutions v Burtin Polymer | 12C-2678 |
| 10:30 a.m. | Khary Ahmed v Jade Roberson | 12C-2727 |
| 10:45 a.m. | Raymond Herpy v My Houng Pham | 12C-2761 |
| 11:00a.m. | Jewell Holloway v Cheng Pan | 12C-2764 |
| 11:15 a.m. | Shannon Russelburg v Green Hills Chiropractic | 12C-2792 |

12/6/2012 11:12 AM
H:\6th Circuit\2013\CMC-Order-02-12-13.doc

| | | |
|---|---|---|
| 11:30 a.m. | Fadi Mallak v Darren Hern | 12C-2833 |
| 11:45 a.m. | Shelbie Duke v Aleisia Buck | 12C-2847 |
| 01:00 p.m. | Jack Copeland v ABL Management | 12C-2871 |
| 01:15 p.m. | Steve Spurrier v Mapco Express | 12C-2887 |
| 01:30 p.m. | Aaron Armstrong v Michael Wallace | 12C-2893 |
| 01:30 p.m. | Madlyn Floyd v A-Z DME, Inc. | 12C-3209 |
| 01:45 p.m. | Sam Sook Pak v Omer Durani | 12C-2920 |
| 01:45 p.m. | Durani Auto v Sam Pak | 12C-3131 |
| 01:45 p.m. | Sam Pak v Durani Auto | 12C-3132 |
| 02:00 p.m. | Rhonda Abdalla v Franklin Williams | 12C-2965 |
| 02:15 p.m. | Robert Preston v Jonathan Mace | 12C-2998 |
| 02:30 p.m. | Amy Thieman v Isaac Brown | 12C-3010 |
| 02:45 p.m. | Ester Blackard v Kroger | 12C-3031 |

**IT IS SO ORDERED.**

**Entered this the** _____ **day of** _____, **2012.**

_JUDGE THOMAS BROTHERS_

CERTIFICATE OF SERVICE

I hereby certify a true and exact copy of the foregoing has been mailed, postage prepaid, to the following attorneys and/or parties for their respective cases on this the ___ day of _____, 2012.

Cyndi Snuggs, Deputy Clerk

Copy

cc    <u>Dianne Austin v Dredge and Marine</u>
David Randolph Smith, Esq.
Richard M. Smith, Esq.
David A. Changas, Esq.

<u>Deborah Whitlock v Jeri Gibson</u>
Chadwick W. Stanfill, Esq.
Nathaniel K. Cherry, Esq.

<u>Angela Williams v Ashley Collins</u>
Luvell L. Glanton, Esq.
R. Kreis White, Esq.

<u>Insulation Solutions v Burtin Polymer</u>
Alisha M. Toll, Esq.
Barry L. Howard, Esq.

<u>Khayr Ahmed v Jade Roberson</u>
Tim L. Bowden, Esq.
Jamie Morrell, Esq.

<u>Raymond Herpy v My Houng Pham</u>
Aaron Woodard, Esq.
Joshua G. Offutt, Esq.
James R. Embrey, Jr., Esq.
Brenda Measells Dowdle, Esq.

<u>Jewell Holloway v Cheng Pan</u>
Chadwick W. Stanfill, Esq.
William G. McCaskill, Jr., Esq.

<u>Shannon Russelburg v Green Hill Chiropractic</u>
Nina Parsley, Esq.

<u>Fadi Mallak v Darren Hern</u>
Tim L. Bowden, Esq.
Gary R. Wilkinson, Esq.
Nathaniel K. Cherry, Esq.

<u>Shelbie Duke v Aleisia Buck</u>
Blair Durham, Esq.
Aaron Woodard, Esq.
R. Kreis White, Esq.

Jack Copeland v ABL Management
Jack L. Byrd, Esq.
Lauren L. Holloway, Esq.

Steve Spurrier v Mapco Express
John B. Stark, Esq.
Nathaniel K. Cherry, Esq.

Aaron Armstrong v Michael Wallace
Stanley A. Davis, Esq.
Jeffrey R. Kohl, Esq.
David J. White, Jr., Esq.

Madlyn Floyd v A-Z DME, LLC
Renard R. Hirsh, Sr., Esq.
Jeffrey R. Kohl, Esq.
David J. White, Jr., Esq.

Sam Sook Pak v Omer Durani
James R. Omer, Jr., Esq.
Dianne M. Schwartz, Esq.

Durani Auto v Sam Pak
Durani Auto Sales
Dianne M. Schwartz, Esq.
Cynthia D. Plymire, Esq.

Sam Pak v Durani Auto
Cynthia D. Plymire, Esq.
James R. Omer, Jr., Esq.
Durani Auto Sales

Rhonda Abdalla v Franklin Williams
Tim L. Bowden, Esq.
Bill Easterly, Esq.

Robert Preston v Jonathan Mace
Jeffery S. Roberts, Esq.
Gary M. Kellar, Esq.

Amy Thieman v Isaac Brown
James R. Omer, Jr., Esq.
R. Kreis White, Esq.



Ester Blackard v Kroger
John W. Roberts, Esq.
Michael H. Johnson, Esq.

e-mail: cynthiasnuggs@jis.nashville.org / phone: 615.880.2546

 **To request ADA accommodation, please contact**
615-880-3309

12/6/2012 11:12 AM
H:\6th Circuit\2013\CMC-Order-02-12-13.doc

Copy

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE,
AT NASHVILLE

SHANNON RUSSELBURG,                    )
                                       )
Plaintiff,                             )
                                       )
v.                                     )     Docket No.:12C2792
                                       )     JURY DEMAND (12)
GREEN HILLS CHIROPRACTIC               )
CLINIC, LLC,                           )
                                       )
Defendant.                             )

## AMENDED COMPLAINT

Comes now the Plaintiff, by and through counsel, and would respectfully submit to the Court the following Complaint:

1.    The Plaintiff Shannon Russelburg is a resident of the State of Tennessee, residing in Davidson County, Tennessee.

2.    The Defendant Green Hills Chiropractic Clinic, LLC is a domestic limited liability company who is authorized to be and doing business in the State of Tennessee. The Defendant's principal place of business is at 2303 Crestmoor Road, Nashville, Tennessee 37215-2003. They can be served through their registered agent for service of process, James H. Porter, suite 2500, 511 Union Street, Nashville, TN 37219-1733

3.    Jurisdiction in this matter is proper because the events giving rise to this matter took place in Davidson County, Tennessee.

## FACTUAL BACKGROUND

4.    The Plaintiff was hired by the Defendant on or about October 19, 2009 as a front office employee.

5.    The Plaintiff suffers from Crohn's disease and notified the Defendant of

Copy

this condition at the time of her hire.

6. In July 2011, the Plaintiff suffered from an increase in symptoms of her condition, which resulted in her need for surgical intervention.

7. In July 2011, the Defendant requested that the Plaintiff attend a conference which required her to travel out of town. Due to her increased symptoms and the medication that she was taking to control the condition, her physician restricted her from travel.

8. The Plaintiff requested the reasonable accommodation of no traveling per her physician's recommendation. Although the accommodation was granted, the Plaintiff was subsequently subjected to discrimination and disparaging treatment by the Defendant.

9. In August of 2011, the Plaintiff underwent surgery for her Crohn's disease in an attempt to control her symptoms. She requested the reasonable accommodation of unpaid time off work to recover from this surgery.

10. The Plaintiff's physician recommended that she be off work to recover until October 10, 2011.

11. Plaintiff's request was granted.

12. On or about October 5, 2011, the Plaintiff contacted the Defendant and advised she was released to return to work, without any limitations. She was advised to report to work on October 10, 2011.

13. On or about October 10, 2011, the Plaintiff reported to work and was ready, willing and able to work and to perform her job duties without limitations.

14.    On or about October 10, 2011, the Defendant terminated the Plaintiff's employment due to her disability. The Plaintiff's separation notice specifically states "the job is too stressful. It affects her health and ability to do job tasks."

15.    The Plaintiff has exhausted her administrative remedies with the Equal Employment Opportunity Commission and has been issued a right to sue letter.

## DISABILITY DISCRIMINATION

16.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 15 above.

17.    At all times pertinent to this action, the Plaintiff was an employee of the Defendant with a "disability" within the meaning of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 and the Tennessee Human Rights Act and pursuant to Tenn. Code Ann § 4-21-101 et seq. and the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq.

18.    At all times pertinent to this action, the Defendant was an "employer" within the meaning of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 and the Tennessee Human Rights Act and pursuant to Tenn. Code Ann § 4-21-101 et seq. and the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq.

19.    The Plaintiff asserts from July 2011 through October 5, 2011, the Plaintiff was operating under a physical impairment that substantially limited one or more major life activities, which was apparent to and perceived by the Defendants.

20.    Additionally, the Plaintiff informed the Defendant of her limitations and disabilities.

21.    At the time of her termination, the Plaintiff suffered from Crohn's disease.

Copy

Copy

22. At the time of her termination, Plaintiff qualified as an individual with a disability consistent with the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 and the Tennessee Human Rights Act and pursuant to Tenn. Code Ann § 4-21-101 et seq. and the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq.

23. Plaintiff also contends that during her employment and until her termination, she suffered from substantial limitations of several major bodily functions including but not limited to functions of the autoimmune system and digestive system.

24. At the time of her termination, Plaintiff was not under any restrictions by her physician for her condition.

25. During her employment, management made negative comments about Plaintiff's health problems and her limitations.

26. At the time of her termination Plaintiff was able to perform all essential functions of her job with and/or without reasonable accommodation.

27. The Defendant perceived or regarded the Plaintiff's medical condition as a handicap, consistent with the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 and the Tennessee Human Rights Act and pursuant to Tenn. Code Ann § 4-21-101 et seq. and the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq.

28. During this applicable time period, the Plaintiff 1) suffered from one or more physical impairment that substantially limited one or more of the Plaintiff's major life activities; 2) the Plaintiff was qualified and able to perform the required job despite the handicap or disability; and 3) the Defendant knowingly discriminated against the Plaintiff because of her disability.

Copy

29.    The Defendant's termination of the Plaintiff constituted an adverse employment action.

30.    The Plaintiff avers the Defendant's reason for termination was illegal.

31.    The Defendant's termination of the Plaintiff constituted a violation of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 and the Tennessee Human Rights Act and pursuant to Tenn. Code Ann § 4-21-101 et seq. and the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq.

32.    The Defendant discriminated against the Plaintiff and treated her poorly from the time the Defendants knew of her disabling injuries until the date of her discharge.

33.    At all relevant dates and times as forth herein, the Defendant is vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees with injuries or disabilities; (c) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendants' policies towards a workplace free of handicap and disability discrimination; (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report handicap and disability discrimination occurring within the Defendant's workplace; and (e) the Defendant did not have a viable and reasonable procedure and policy in effect to provide reasonable accommodation to its employees with disabilities.

Copy

34.    The Plaintiff's managers and supervisors discriminated against Plaintiff as a result of her physical disability and/or their perception of her physical disability by terminating the Plaintiff, even though she was able to perform all her job duties. The management teams' actions show that the Defendant had not properly trained the managers and supervisors or provided proper instruction regarding the handling and processing of employees with disabilities, to prevent discrimination against the Plaintiff for her disability.

35.    The Defendant's failure to engage in a bona-fide interactive process with the employee, and its decision to terminate the Plaintiff constitutes discrimination against the Plaintiff due to his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Americans with Disabilities Amendments Act of 2008.

36.    At said relevant dates and times as set forth herein:

a)    the Plaintiff was a qualified individual with a disability that substantially limited a major life activity and/or the employer treated and perceived the Plaintiff as if the Plaintiff's impairment substantially limited a major life activity;

b)    the Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation; and

c)    the Plaintiff suffered a tangible employment action in being discharged or terminated by the employer as a result of her disability.

### APPLICABLE TO ALL COUNTS

37.    As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental

damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary losses.

38.     Plaintiff further submits that the Defendant has acted: (a) intentionally, and/or (b) maliciously, and/or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to an award of punitive damages.

38.     Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 and the Tennessee Human Rights Act and pursuant to Tenn. Code Ann § 4-21-101 et seq. and the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq. and common law.

39.     Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendant's culpable acts or omissions as set forth herein, the Defendant's violation of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 and the Tennessee Human Rights Act and pursuant to Tenn. Code Ann § 4-21-101 et seq. and the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq. and common law.

40.     Plaintiff is entitled to compensation for incidental damages, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary loses.

WHEREFORE PLAINTIFF PRAYS:

a)      that service of process issue to Defendant as set forth in;

b)      the Plaintiff be awarded compensatory damages of $150,000 or as amount to be determined by the jury;

c)     the Plaintiff be awarded punitive damages of $150,000 or an amount to be determined by the jury;

d)     that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

e)     that the Court award the Plaintiff such other, further, general and different relief to which she may be entitled; and

f)     that a jury of twelve (12) be empanelled to try this action.

Respectfully submitted,

Nina Parsley [BPR No. 23818]
Michael Ponce & Associates, PLLC
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
(615) 851-1776
nina@poncelaw.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served by first class U.S. Mail, postage prepaid, upon:

Christopher Cardwell, Esq.
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Svenue, South
Suite 1700
Nashville, TN 37201

On the 14th day of December, 2012

Nina H. Parsley